**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————

SMITHKLINE BEECHAM PLC,          :
SB PHARMCO PUERTO RICO INC.,     :        Civil Action Nos.
and SMITHKLINE BEECHAM CORP.,    :        04-0215, 05-0536
                                 :        (NLH)(JS)
          Plaintiffs,            :
                                 :
          v.                     :        **OPINION**
                                 :
TEVA PHARMACEUTICALS USA, INC.,  :
ET AL.,                          :
                                 :
          Defendants.            :
—————————————————————          :

<u>APPEARANCES</u>:
Douglas Scott Eakeley, Esq.
Jason E. Halper, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068-1791
*And*
David T. Pritikin, Esq.
Bindu Donovan, Esq.
John W. Treece, Esq.
Thomas H. Beck, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, IL 60603
*Attorneys for Plaintiffs Smithkline Beecham PLC, SB Pharmco Puerto Rico Inc., and Smithkline Beecham Corp.*

Karen A. Confoy, Esq.
STERNS & WEINROTH, PC
50 West State Street
Suite 1400
PO Box 1298
Trenton, NJ 08607-1298
*And*
Francis C. Lynch, Esq.
Laurie S. Gill, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

**HILLMAN, District Judge**

## I.  INTRODUCTION

This matter comes before the Court on the motion of plaintiffs Smithkline Beecham PLC, SB Pharmco Puerto Rico Inc., and Smithkline Beecham Corp. (collectively, "SKB") to strike the May 24, 2007 supplemental declaration of Dr. Lemont Kier filed by defendant Teva Pharmaceuticals USA, Inc. ("Teva") in opposition to SKB's motion for summary judgment of nonobviousness.  SKB requests that Teva be precluded from relying on any statements in the supplemental declaration in opposition to their motion or at trial.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this patent infringement suit are complex and will be presented in this Court's Opinion regarding the pending motions for summary judgment.  This motion deals with the very narrow issue of whether a supplemental expert report can be submitted and, therefore, we do not recite all the underlying facts in detail here.  Rather, we simply state the following limited facts that are pertinent to deciding SKB's motion to strike the supplemental declaration of Dr. Kier.

SKB filed a motion for summary judgment of nonobviousness of claims 42 and 43 of the '953 patent.  Teva filed its response, including a 55-page declaration of their expert, Dr. Kier.  This Court permitted the parties to submit supplemental briefing on

2

the recently decided Supreme Court opinion <u>KSR Int'l Co. v. Teleflex, Inc.</u>, 127 S.Ct. 1727 (2007).  SKB filed a reply brief including supplemental argument on <u>KSR</u> and Teva was permitted to file a sur-reply.  Along with its sur-reply, Teva submitted a supplemental declaration of its expert, Dr. Kier.  SKB argues that the supplemental declaration contained new arguments that never appeared in Dr. Kier's prior reports and declarations. Particularly, SKB argues that Dr. Kier's supplemental declaration presents new calculations and new Log P values regarding methylene's contribution to lipophilicity that contradict his prior testimony.

## III.  DISCUSSION

### A.  Teva's Sur-Reply

A sur-reply is filed with the permission of the Court by the non-moving party in response to the reply.  Principles regarding reply briefs also apply to sur-reply briefs.  <u>See</u> <u>generally</u> Local Rule 7.1(d).  The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted.  <u>See</u> <u>Danvers Motor Co., Inc. v.  Ford Motor Co.</u>, No. 02-2197, 2007 WL 419285, at *5 (D. N.J. Jan. 31, 2007); <u>Dana Transport, Inc. V. Ableco Finance, LLC</u>, No. 04-2781, 2000 WL 2000152, at *6 (Aug. 17, 2005); <u>Bayer AG v. Schein Pharmaceutical, Inc.</u>, 129 F. Supp.2d 705, 716 (D.N.J. 2001) <u>aff'd</u> 301 F.3d 1306 (3d Cir.

3

2002); <u>Elizabethtown Water Co. v. Hartford Casualty Ins.</u>, 998 F.
Supp. 447, 458 (D. N.J. 1998).  Reply briefs are not the time to
present new argument.  <u>See</u> <u>Dana Transport</u>, 2000 WL 2000152, at *6
(striking portion of reply brief that raised arguments on foreign
patents for the first time).

     Here, because the parties were permitted to provide
additional argument to address the recently decided Supreme Court
case, Teva was permitted to file a sur-reply to SKB's reply.
Applying the principles underlying reply briefs, new arguments
cannot be raised by the non-movant in a sur-reply because the
moving party does not have an opportunity to respond to newly
minted arguments raised in a sur-reply.  <u>Cf.</u> <u>Dana Transport</u>, 2000
WL 2000152, at *6 (ordinarily the non-moving party is not able to
respond to newly minted arguments in the movant's reply
brief)(citing <u>Bayer</u>, 129 F. Supp.2d at 716).

     According to SKB, the argument presented for the first time
by Teva in their sur-reply is: "it does not matter whether the
remainder portion has one methylene group or two because each
methylene group adds only 0.1 log unit to the Lop P of the
molecule."  Pl. Motion to Strike at 4.  SKB argues that this new
argument contradicts Dr. Kier's prior expert submissions in which
he determined that the contribution of a methylene group to the
overall Log P of a TZD compound for which there was no
experimental value was substantially larger, 0.39 Log P units.

SKB states it also contradicts his deposition testimony in which Dr. Kier agreed that a methylene group contributes approximately 0.5 Log P units.

We find that the amount of contribution that the methylene group has to the overall Log P of a TZD compound is not a new argument presented for the first time by Teva in their sur-reply. SKB was well aware that Lop P values are an integral part of Teva's argument.  The arguably new evidence that the contribution of the methylene group could add 0.1 rather than 0.39 or 0.5 is not a new argument.  Rather, Teva states that it was clarifying Dr. Kier's point that the contribution of a methylene group in a TZD compound varies depending on its location in the molecule. Dr. Kier's position is that the 0.1 calculation relates to the addition of a *non-terminal* methylene group rather than a terminal fragment.  Teva states that this clarification was necessary because SKB's expert treated "an internal methylene group as though it were a terminal methyl group and would add 0.5 to the Log P values of the relevant oxybenzel TZD compounds."  See Teva's response to Motion to Strike at 2.

Not only is the contribution of a methylene group to the overall Log P of a TZD compound not a new argument, the disagreement over the amount of contribution was directly raised by SKB in its reply brief.  SKB's reply brief states, "... Dr. Kier admits that adding or subtracting a methylene group changes

the lipophilicity of the molecule by 0.5 units... ."  SKB
includes a footnote to this statement that Dr. Kier's declaration
states that "[w]hile the lipophilic contribution of an additional
carbon atom in the terminal fragment in the ciglitazone may be
about 0.5, the contribution of an additional carbon in the non-
terminal portion of the molecule will be less than that value."
In their reply brief, SKB criticizes Dr. Kier for simply stating
that the value may be less than 0.5, and cites to Dr. Kier's
deposition in which he states that adding or subtracting a
methylene group could affect it by 0.5.

    Since SKB raised the precise issue of Dr. Kier's apparent
conflicting statements regarding the contribution of a methylene
group to the overall Log P of a TZD compound in their reply
brief, Dr. Kier's supplemental declaration submitted with Teva's
sur-reply is a timely and permissible submission under
Fed.R.Civ.P. Rules 56(c) and 56(e) permitting parties to serve
opposing affidavits to a motion for summary judgment at any time
prior to the hearing.  See Fed.R.Civ.P. 56(c) and (e); Safeguard,
2004 WL 2644393, at *3.  Dr. Kier's supplemental declaration
directly addresses arguments raised by SKB in their reply.  It
was submitted according to the briefing schedule and in advance
of the oral argument.  Therefore, Dr. Kier's supplemental
declaration is permitted as a opposing affidavit to SKB's motion
for summary judgment.

**B.  Rule 26(a)(2)(B) and Rule 37(c)(1)**

In addition to arguing that Teva raises new arguments for the first time in its sur-reply, SKB also argues that the supplemental declaration of Dr. Kier contains new opinions not disclosed in his prior reports or at his deposition in violation of Fed.R.Civ.P. 26(a)(2)(B) and, therefore, the supplemental declaration should be stricken pursuant to Fed.R.Civ.P. 37(c)(1). Rule 26(a)(2)(B) provides the requirements for disclosure of expert testimony, including the submission of a written report containing a complete statement of all opinions to be expressed and the basis and reasons therefor.[1]

The cases relied upon by SKB provide that supplemental expert opinion should not be allowed if it untimely supplements

---

[1]  Rule 26(a)(2)(B) states:

Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

and directly contradicts the expert's prior testimony, <u>Safeguard</u>, 2004 WL 2644393, at *5; if it was filed in bad faith prejudicing the opposing party and disruptive to an efficient trial, <u>Id.</u>; if it was submitted well after the close of expert discovery, and was filed after all briefing on the motion for summary judgment had been completed and oral argument had been held, <u>M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.</u>, No. 97-1568, 2007 WL 979854, at *12 n.12 (D.N.J. Mar. 30, 2007)(finding the "extremely belated" disclosure unfairly prejudicial since the opposing party had no opportunity to review the supplemental submissions, depose the expert about the supplement, or prepare a rebuttal to it); or if prejudice to the defendants justifies exclusion of the supplemental expert report, <u>Paris v. R.P. Scherer Corp.</u>, No.02-1044, 2006 WL 2177253, at *3 (D.N.J. July 31, 2006).

Unlike the cases cited by SKB, the information presented in Dr. Kier's supplemental declaration is not new nor does it directly contradict his prior testimony or submissions. The amount of contribution that the methylene group has to the overall Log P of a TZD compound has been a topic that has been debated and discussed by both experts and explored during deposition. In response to inquiries by SKB in February 2007, Dr. Kier provided that the estimated contribution of a methylene group to the Log P of a TZD compound was 0.39 units. In

deposition, Dr. Kier agreed with the statement that "...
depending upon what fragments you use, you could get a different
Log P value?" and also agreed that "... adding or subtracting a
methylene group could affect it by 0.5." He did not state that
contribution would always be 0.5, but rather that it could affect
it by 0.5.  Those statements appear to support Dr. Kier's theory
that the Log P value varies.  His latest assessment, that the
contribution can be 0.1 is another example.  Although the
calculation of the Log P as 0.1 is new information, the argument
is not new and the new calculation does not directly contradict
his previous statement that the contribution of Log P varies.
Thus, we find that Dr. Kier's supplemental declaration does not
run afoul of Fed.R.Civ.P. 26(a)(2)(B).

Since we find that Teva did not violate Fed.R.Civ.P.
26(a)(2)(B), we do not need to address whether to impose the
sanction of striking their expert's supplemental declaration
pursuant to Rule 37(c)(1).[2]  Even so, we note that Dr. Kier's

---

[2] Rule 37(c)(1) provides in relevant part, "A party that
without substantial justification fails to disclose information
required by Rule 26(a) or 26(e)(1) ... is not, unless such
failure is harmless, permitted to use as evidence at a trial, at
a hearing, or on a motion any witness or information not so
disclosed." Application of Rule 37 is considered an extreme
sanction and is not imposed unless the party: "(1) revealed
previously undisclosed evidence when trial was either imminent or
in progress; or (2) acted in bad faith, which is more than a mere
lack of diligence."  In re: Safeguard Scientifics, 2004 WL
2644393, at *2(citing Stein v. Foamex Int'l, Inc. No. 00-2356,
2001 WL 936566 (E.D, Pa. Aug. 15, 2001), citing In re Paoli R.R.
Yard PCB Litg., 35 F.3d 717, 791-93 (3d Cir. 1994)); see also

supplemental declaration was submitted during the briefing schedule, in advance of oral argument on the motions, and in advance of trial.  SKB, in their motion to strike, attacked the conclusions made by Dr. Kier on the merits suggesting that SKB was not caught off-guard or unable to respond due to the timing of the information.

### IV.   CONCLUSION

For the foregoing reasons, the Court denies the motion of plaintiffs Smithkline Beecham PLC, SB Pharmco Puerto Rico Inc., and Smithkline Beecham Corp. (collectively, "SKB") to strike the May 24, 2007 supplemental declaration of Dr. Lemont Kier.  Teva is permitted to rely on the supplemental declaration in support of its sur-reply and may rely on statements made in the declaration by Dr. Kier at trial.   An Order consistent with this Opinion will be filed.

                                     s/Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Date: June 22, 2007

---

Quinn v. Consolidated Freightways Corporation of Delaware, 283 F.3d 572, 577 (3d Cir. 2002), citing Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 904-05 (3d Cir. 1977)(applying the Myers factors before imposing Rule 37 sanctions: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with the district court's order).